UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Renecia M. Stanley,                                       Case No.   3:26-cv-676

                    Plaintiff

         v.                                               MEMORANDUM OPINION
                                                              AND ORDER

Promedica,

                    Defendant


         *Pro se* Plaintiff Renecia M. Stanley has filed this civil action against Defendant "Promedica."

Her one-paragraph complaint does not set forth cogent factual allegations or allege any specific legal

claim or cause of action.   (Doc. No. 1).   Instead, Plaintiff's pleading consists of a convoluted

assortment of unclear assertions and complaints, including about Plaintiff's various medical

appointments, reports of being followed, the presence of a pedophile, and Plaintiff's medications.

The pleading also does not set forth any specific request for relief.

         Although *pro se* pleadings are liberally construed and held to less stringent standards than

formal pleadings drafter by lawyers, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines

v. Kerner*, 404 U.S. 519, 520 (1972), the lenient treatment accorded *pro se* plaintiffs has limits.   *See e.g.,

Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).   *Pro se* litigants must still meet basic pleading

requirements, and courts are not required to conjure allegations or create claims on their behalf.   *See

Erwin v. Edwards*, 22 Fed. App'x 579, 580 (6th Cir. 2001).   To meet the basic federal pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure, a complaint must set forth a short,

plain, and concise statement of the plaintiff's claims sufficient to give the defendant fair notice of what her legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). Furthermore, federal courts are courts of limited jurisdiction and have a duty to police the boundaries of their jurisdiction. "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999).

I find that Plaintiff's complaint warrants *sua sponte* dismissal pursuant to *Apple v. Glenn.*

The unclear statements and assertions in her complaint fail to meet the minimum notice pleading requirements and fall within the realm of frivolousness. The complaint does not contain a coherent statement of facts, a suggestion of the legal claims Plaintiff intends to assert, or the relief she requests.

Furthermore, Plaintiff has filed numerous *pro se* and *in forma pauperis* complaints in this district. In addition to this action, two other complaints she has filed have been dismissed on the basis it was incomprehensible and failed to meet basic pleading requirements. *See Stanley v. Job & Family Services*, No. 3:26-cv-673 (N.D. Ohio May 6, 2026); and *Syanley v. United States District Court of Northern, OH*, No. 3:26-cv-675 (N.D. Ohio May 14, 2026). Related to her filings, I have also received reports from this Court's Clerk's Office and the United States Marshal Service indicating Plaintiff has repeatedly engaged in verbal abuse against Court personnel when delivering her filings to this Court.

*Pro se* litigants are entitled to an appropriate amount of leniency. *See Lawler v. Marshall*, 898 F.2d 1196, 1200 (6th Cir. 1990). But "*pro* se filings do not serve as an 'impenetrable shield [from the application of Rule 11], for one acting *pro se* has no license to harass others, clog the judicial

machinery with meritless litigation, and abuse already overloaded court dockets."' *Patterson v. Aiken*, 841 F.2d 386, 387 (11th Cir. 1988) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir.1986)). Courts have the authority to impose prefiling restrictions on a litigant as a mechanism to stop the litigant from filing meritless complaints or from engaging in harassing conduct. *Feathers v. Chevron U.S.A., Inc., et al.*, 141 F.3d 264, 269 (6th Cir. 1998).

Plaintiff is hereby expressly notified that she may be sanctioned in the future, including by being denied the ability to proceed *in forma pauperis* or to file any future cases without obtaining leave of court, if she continues to file meritless cases in this district or to engage in any form of harassing conduct toward Court personnel.

In accordance with the foregoing, this action is DISMISSED. Additionally, I certify pursuant 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge

3